IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

NATHAN DESHAWN HENDERSON          §
                                  §
V.                                §   CIVIL ACTION 4:11-CV-307-Y
                                  §   (Criminal No.4:00-CR-260-Y(1))
UNITED STATES OF AMERICA          §

ORDER TRANSFERRING MOTION UNDER 28 U.S.C. § 2255 TO THE
UNITED STATES COURT OF APPEALS FOR THE FIRTH CIRCUIT
(With Special Instructions to the Clerk of Court)

Before the Court is a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence filed by defendant Nathan Deshawn Henderson. Henderson was convicted in a judgment filed in 2003. Henderson's conviction was affirmed on direct appeal. Henderson's first motion for relief under 28 U.S.C. § 2255 was denied in an order and judgment filed October 31, 2006.[1]

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a second motion filed by a person attacking a sentence under § 2255 must be certified by a panel of the appropriate court of appeals.[2] The Supreme Court observed that this law "simply transfers from the district court to the court of appeals a screening function which would previously have been performed by the district court as required by . . . Rule 9(b)."[3] Since the instant motion under 28 U.S.C. § 2255 was filed after the effective date of the AEDPA, this court is without jurisdiction to consider it unless leave to file the same is granted by the court

---

[1] The first § 2255 motion was assigned civil case number 4:05-CV-280-Y.

[2] *See* 28 U.S.C.A. § 2255(h)(West Supp. 2010); *see also* 28 U.S.C.A. § 2244(b)(3)(A)(West 2006).

[3] *Felker v. Turpin,* 518 U.S. 651, 664 (1996).

of appeals. In such circumstances, the United States Court of Appeals for the Fifth Circuit has authorized the transfer of such successive motions under § 2255 to that court.[4] Transfer is also consistent with 28 U.S.C. § 1631:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal . . . to any other such court in which the action or appeal . . . could have been brought at the time it was filed . . . and the action or appeal . . . shall proceed as if it had been filed in . . . the court to which it is transferred. . . .[5]

As a result, the Court concludes that in the interests of judicial economy, Nathan Deshawn Henderson's May 6, 2011, motion under 28 U.S.C. § 2255 should be transferred to the United States Court of Appeals for the Fifth Circuit.

Therefore, Nathan Deshawn Henderson's May 6, 2011, motion seeking relief under 28 U.S.C. § 2255 is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

SIGNED May 11, 2011.

_Terry R. Means_
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] _See In re Epps,_ 127 F.3d 364, 365 (5th Cir. 1997); _see also United States v. Stapleton,_ Criminal No. 04-30004, 2008 WL 5169571, at *1 (W.D.La. 2008)

> (Because [§ 2255 movant] has not received [authorization from the court of appeals] or even filed with the Fifth Circuit a § 2244(b)(3)(A) petition for authorization to file a successive habeas petition in district court, this Court lacks jurisdiction over the instant motion. However, because the plaintiff is _pro se_, and in the interests of judicial economy, it makes sense to transfer this matter to the Fifth Circuit instead of simply dismissing it for lack of jurisdiction.)

[5] 28 U.S.C.A. § 1631(West 2006).